OTTO DIRKS, JR., Appellant, v. FRANK VENENGA, Appellee.

No. 45158.

JUNE 18, 1940.

Lundy, Butler & Lundy, for appellant.

Willoughby, Strack & Sieverding, for appellee.

SAGER, J.—Plaintiff was at one time owner of the 80 acres described in the petition. Bates, superintendent of banking, having a judgment which was a lien thereon, caused execution

to be levied and the land sold. Bates acquired title under this sale. Defendant derives title from Bates. Neither the sale nor the proceedings leading up to it are challenged.

Before making the sale the sheriff assumed to plat a homestead in the eighty (80), the plaintiff though notified having failed to do so. Notwithstanding the so-called homestead, the sheriff sold the whole eighty (80). The trial court summed up the facts in part as follows:

"It is not claimed by anyone in connection with this case that the 40 acres described in the petition in this case was ever used or occupied by the plaintiff, or by anybody else, as a homestead; and it also appears that no buildings were ever erected on the property at any time, but that the setting apart and platting of a so-called homestead was a mistake on the part of the sheriff."

Plaintiff bases his claim to the 40 acres on the act of the sheriff in making the plat. This, it is argued, was a judicial act not subject to collateral attack; and by the same token the sheriff having judicially established a homestead, even he could not undo what had already been done, and legally sell the homestead. The trial court properly ruled against this contention and quieted title in the defendant. Neither the statutes nor any decision of which we are aware gives to the acts of the sheriff any such effect as is claimed here. He has no power to set aside a homestead where none exists, nor to create one by the act of platting as was done here.

It follows that the plaintiff's contentions are without merit; appellee's motion to affirm calls for no attention; and the decree of the trial court should be, and it is, affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.